IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIRK WILLIAM OWEN,

    Plaintiff,

v.

DANNY SMITH AND LISA LUSKAR,

    Defendants.

Case No. 22-1201-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Kirk William Owen brings this action pro se against Defendants Danny Smith, the Crawford County Sheriff, and Lisa Luskar, the Crawford County Court Clerk, alleging that they caused false statements to be made on Facebook about him, harming his reputation and causing him emotional distress. Before the Court is Defendants' Motion to Dismiss (Doc. 6) under Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff has not responded to the motion and the time to do so has passed.[1] As explained below, the Court grants Defendants' motion to dismiss as uncontested and on the merits because Plaintiff failed to provide statutory notice of his claim under K.S.A. § 12-105b, which is a mandatory condition to bringing a tort claim against a municipality or municipal employee in Kansas.

**I.    Failure to Respond**

As an initial matter, D. Kan. Rule 7.4(b) provides that a party or attorney who does not timely file a response brief waives the right to later file such a brief, and that the court will decide such motions as uncontested and ordinarily will grant them without further notice.

---

[1] *See* D. Kan. Rule 6.1(d) (stating that responses to motions to dismiss must be filed and served within 21 days). Defendant filed its motion on October 11, 2022; therefore, Plaintiff's response was due on November 1, 2022.

Plaintiff did not file a response to Defendants' motion to dismiss, and the time to do so has passed.[2]  Therefore, the Court may grant the motion as uncontested.  As described below, the motion is also granted on the merits.

## II.  Standards

Defendants move for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff failed to file a notice of claim as required by K.S.A. § 12-105b(d).  Compliance with this statute is jurisdictional under Kansas law.[3]  Federal courts are courts of limited jurisdiction and must therefore have a statutory or constitutional basis for exercising jurisdiction.[4]  The party seeking to invoke federal subject matter jurisdiction has the burden to establish that jurisdiction is proper,[5] and mere conclusory allegations of jurisdiction are not enough.[6]  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[7]  The burden of establishing a federal court's subject matter jurisdiction falls on the plaintiff.[8]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.

---

[2] According to the certificates of service for the motion, memorandum in support, and notice setting forth the summary judgment standard required by D. Kan. R. 56.1, Defendants' filings were delivered to Plaintiff at his home address on file with the Court, and at the Beaver County, Oklahoma jail.  *See* Docs. 6–8.  Defendants represent in their brief that Plaintiff was arrested and incarcerated there after the Complaint was filed.  Doc. 7 at 4 n.2.  Service of Defendants' filings therefore complied with Fed. R. Civ. P. 5(b)(2)(C) because it was mailed to Plaintiff's "last known address."

[3] *Smith v. Williams*, No. 20-CV-2224-EFM-GEB, 2022 WL 370258, at *2 (D. Kan. Feb. 8, 2022).

[4] *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

[5] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[6] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[7] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

[8] *Id.* (citing *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014)).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.[9]

Here, Defendants present a factual attack on subject matter jurisdiction by attaching several documents from outside the pleadings in this case; specifically, the Facebook post on which Plaintiff's claims are based,[10] an affidavit from the County Counselor attesting that Crawford County has not received a notice of claim from Plaintiff,[11] a petition for a protective order against Plaintiff,[12] and the transcript from an August 24, 2022 hearing in Crawford County on the petition for protective order.[13] The Court can consider these documents in assessing Defendants' factual challenge to the Court's subject matter jurisdiction.

Because Plaintiff proceeds pro se, some additional considerations frame the Court's analysis. The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which applies to attorneys.[14] "Nevertheless, [Plaintiff] bears 'the burden of

---

[9] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citations omitted), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

[10] Doc. 7-1.

[11] Doc. 7-2.

[12] Doc. 7-3.

[13] Doc. 7-4.

[14] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

alleging sufficient facts on which a recognized legal claim could be based.'"[15] The Court may not provide "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16] Additionally, a pro se litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[17]

Finally, Defendants also move to dismiss Plaintiff's claims for failure to state a claim on which relief can be granted under Rule 12(b)(6). Because the Court finds below that this Court lacks subject matter jurisdiction, it does not reach Defendant's Rule 12(b)(6) arguments.

### III.  Factual Background

Plaintiff alleges in the Complaint that on August 4, 2022, Sherriff Danny Smith posted on the Crawford County, Kansas Sheriff's Office Facebook page Plaintiff's name, picture, and picture of his car, and asked "if anyone has info or whereabouts of Owen."[18] The Facebook post indicates that the Sheriff's Office had received reports that a man identified as Kirk William Owen, driving a white 2011 Corvette convertible, contacted several male children at a park in Cherokee, Kansas, wearing only underwear and a shirt, and asked the children for their home addresses while showing them large bags of candy. Plaintiff reportedly drove by the address provided by one of the boys three days later in the same vehicle and was confronted by a neighbor, at which point he fled. The Facebook post included a picture of the Corvette and asked anyone with information about Plaintiff to call the Sheriff's Office.

---

[15] *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[16] *Whitney*, 113 F.3d at 1173–74 (citing *Hall*, 935 F.2d at 1110).

[17] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[18] Doc. 1 at 3.

The next day, Plaintiff alleges that Sheriff's deputies came to his home.  Plaintiff further alleges that Smith purposefully harmed his reputation and caused him to receive death threats.  Plaintiff seeks immediate removal of the Facebook post, and a statement that there "was no allogations [sic] of Luring or Attempted Abduction."[19]

## IV.   Discussion

Defendants move to dismiss because Plaintiff failed to submit a notice of his claim against the County or its employees as required by K.S.A. § 12-105b(d).  K.S.A. § 12-105b(d) provides:

> Any person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action.  The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested.  In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim.  The contents of such notice shall not be admissible in any subsequent action arising out of the claim.  Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first.  A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period.  No person may initiate an action against a municipality or against an employee of a municipality unless the claim has been denied in whole or part.  Any action brought pursuant to the Kansas tort claims act shall be commenced within

---

[19] *Id.* at 4.

the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action.

"The notice requirements in K.S.A. § 12–105b(d) are mandatory and a condition precedent to bringing a tort claim against a municipality."[20]  This provision applies to Plaintiff's claims here because he alleges a claim against employees of a municipality which could give rise to an action brought under the Kansas Tort Claims Act ("KTCA").  Plaintiff alleges that Smith's and Luskar's conduct give rise to tort claims such as libel, defamation, and intentional infliction of emotional distress.  As set forth in detail in Defendants' brief, Oklahoma would apply the KTCA's notice provision as a matter of comity for claims against Kansas municipalities and their employees for torts occurring in Oklahoma.[21]

Here, Defendants submit the affidavit of Jim Emerson, Crawford County Counselor, who attests that Crawford County has neither received nor denied a notice of claim from Plaintiff and that, as part of his duties as County Counselor, he would be the one to receive and review such a claim if it had been filed.  Because this notice is a prerequisite to suit and Plaintiff failed to comply with it, this Court lacks subject matter jurisdiction and his claims must be dismissed without prejudice.  The Court therefore need not consider Defendants' additional grounds for dismissal under Rule 12(b)(6).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 6) is **granted**.  This case is hereby **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: December 2, 2022

---

[20] *Miller v. Brungardt*, 916 F. Supp. 1096, 1099 (D. Kan. 1996).

[21] *See Kan. Mun. Gas Agency v. Vesta Energy Co.*, 840 F. Supp. 814, 823–24 (D. Kan. 1993).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
